UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eulogio R. BRAVO<br>(A29 499 194/A78 706 618)<br><br>Plaintiff,<br><br>V<br><br>Andrea Quarantillo,<br>District Director, US CIS<br>New York, New York<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff, Eulogio R. Bravo, by his attorneys Wilens & Baker, P.C., for Lawful Permanent Residence claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by whom statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §555 and 701 et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to him by law with regard to Plaintiff's case.

2. This action is brought to compel Defendant and those acting under her to rule upon the application and petition filed by the Plaintiff.

### PARTIES

3. PLAINTIFF Eulogio R. Bravo is a citizen of Mexico. He currently resides at 18 East 199th Street, Apt. 3D, Bronx, NY 10468.

4. DEFENDANT, Andrea Quarantillo, is the District Director of the Citizenship and Immigration Services for the District of New York, and is charged by law with the statutory obligation to adjudicate Adjustment of Status applications.

## FACTS

5. Plaintiff filed an application for adjustment of status based on an approved Immigrant Petition for Alien Worker, [CIS Form I-140].

6. His application was denied on November 28, 2005. A timely appeal/motion was filed on December 27, 2005 explaining the fact that Plaintiff did in fact comply with an old Voluntary Departure Order and was therefore eligible to adjust his status.

7. The normal and customary period prescribed by Defendant for ruling upon such appeals/motions in this District has long passed.

8. Defendant is admittedly inundated with adjustment appeals/motions such as Plaintiff's and has limited adjudication officers to adjudicate these applications.

9. This volume of cases is also why Defendant has established its own internal procedures to be able to adjudicate such appeals/motions in a timely manner.

10. The actual adjudication of the appeal/motion is not discretionary.

## CLAIMS

11. Defendant willfully, and unreasonably has delayed in and has refused to, adjudicate the appeal/motion of Plaintiff, thereby depriving Plaintiff of his statutory right to lawful permanent residence.

12. Defendant owes Plaintiff the legal obligation to adjudicate his appeal/motion within a reasonable time and has unreasonably failed to perform that duty.

13. Defendant's failure to adjudicate Plaintiff's application has the effect of placing plaintiff in a status where he may be subject to Removal (Deportation) Proceedings; where his current status restricts his employment opportunities because of the uncertainty of his application and therefore is a direct financial detriment; where Plaintiff's current status denies him that ability to renew his authorization to work in the

United States and is another financial detriment; where this delay has the effect of also delaying when he is eligible to apply for Naturalization.

14. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendant and those acting under her to perform their duty to adjudicate the appeal/motion Plaintiff Eulogio R. Bravo;

(2) Grant such other and further relief as to this Court seems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,
By: Spiro Serras, Esq.
(ID# SS 9232)

WILENS & BAKER, PC
Attorneys for Plaintiffs
450 Seventh Avenue
New York, NY 10123
212-695-0060

Dated: May 21, 2007